## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |  |
|---|---|---|
| L. BYRON PATTON III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.   20-cv-76 |
| v. | ) | |
| | ) | |
| JAMIE RHEE, in her official capacity as | ) | Judge John F. Kness |
| Commissioner of the Department of Aviation; | ) | Magistrate Judge Sidney I. Schenkier |
| ANDREW VELASQUEZ III, in his individual | ) | |
| capacity; TAMARA MAHAL, in her individual | ) | |
| capacity; and the CITY OF CHICAGO, as a | ) | |
| municipal corporation and as an indemnitor, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
## MOTION TO DISMISS COUNTS I, II, III, IV, V AND VI
## AND PORTIONS OF COUNT VII OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, L. Byron Patton III, by and through his counsel, Antonio L. Jeffrey of Jeffrey Law Office, LLC, respectfully submits his Response in Opposition to Defendants' Motion to Dismiss Counts I, II, III, IV, V and VI, and Portions of Count VII of Plaintiff's Amended Complaint. In support thereof, Plaintiff states as follows:

### INTRODUCTION & PROCEDURAL HISTORY

**First Charge of Discrimination regarding allegations of race discrimination, age discrimination, and retaliation filed with the Illinois Department of Human Rights ("IDHR") and cross-filed with the Equal Employment Opportunity Commission ("EEOC") (IDHR Charge No. 2019CA2703, EEOC Charge No. 21B-2019-01650).**

1.     On May 23, 2019, Plaintiff timely filed a Charge of Discrimination alleging race discrimination, age discrimination, and retaliation with the Illinois Department of Human Rights ("IDHR"), Charge No. 2019CA2703. First Charge of Discrimination, filed 5/23/19, attached hereto as Exhibit A.

2.      On or about July 31, 2019, Plaintiff received notification that his IDHR charge (Charge No. 2019CA2703) had also been filed with the Equal Employment Opportunity Commission ("EEOC") (EEOC Charge No. 21B-2019-01650). <u>Notice of Cross-Claim Charge Filed with EEOC</u>, attached hereto as Exhibit B.

3.      On September 20, 2019, and pursuant to Section 7A-102(C-1) of the Human Rights Act (775 ILCS 5/7A-102(C-1)), Plaintiff timely requested to opt out of IDHR's investigative and administrative process to commence a civil action against Respondent.

4.      On October 1, 2019, IDHR issued Plaintiff Notice of Opt Out of IDHR's Investigative and Administrative Process, and of Right to Commence an Action in <u>Circuit</u> Court within 95 days from the date of the Notice, or until January 4, 2020 (which falls on a <u>Saturday</u> so, pursuant to state and federal rules of civil procedure and applicable laws, the deadline extends to the following Monday, January 6, 2020, as discussed in detail below). <u>See</u> <u>Notice of Right to Commence an Action in Circuit Court</u>, dated 10/1/19, attached hereto as Exhibit C; <u>see also January 2020 Calendar</u>, attached hereto as Exhibit D.

5.      However, because Plaintiff wanted to file suit in Federal Court, and not in Circuit Court, on or about October 7, 2019, Plaintiff promptly requested notice of right to sue from the EEOC regarding that charge (IDHR Charge No. 2019CA2703 and EEOC No. 21B-2019-01650). Plaintiff immediately received confirmation from EEOC that it had received his request and that the same has been forwarded to the U.S. Department of Justice to be processed. <u>EEOC Letter confirming receipt of Request for Right to Sue</u>, dated 10/7/19, attached hereto as Exhibit E.

6.      On November 27, 2019, Plaintiff received Notice of Right to Sue from the EEOC to bring his ADEA claim (regarding EEOC Charge No. 21B-2019-01650) within 90 days from

receipt of the Notice, or until February 25, 2020. <u>EEOC Notice of Right to Sue</u>, dated 11/27/19, attached hereto as Exhibit F.

7.     On that same day, November 27, 2019, Plaintiff also received notice of his right to institute civil action under Title VII by the U.S. Department of Justice ("DOJ") (regarding EEOC Charge No. 21B-2019-01650) within 90 days from receipt of the Notice or until February 25, 2020. <u>DOJ Notice of Right to Sue</u>, dated 11/27/19, attached hereto as Exhibit G.

8.     On Sunday, January 5, 2020, well in advance of the 90 day deadline established by the DOJ and EEOC, and even in a timely fashion as to the IDHR Notice of Right to Commence an Action in <u>Circuit Court</u> (although not relevant), Plaintiff filed his Complaint in this Court regarding the claims of race discrimination, age discrimination, and retaliation made in his Charge of Discrimination (IDHR Charge No. 2019CA2703 and EEOC Charge No. 21B-2019-01650).  <u>See Complaint</u>, Dkt. No. 1.

9.     Therefore, Plaintiff's Complaint (including claims asserted in IDHR Charge No. 2019CA2703 and EEOC Charge No. 21B-2019-01650) was filed in a timely manner; and Plaintiff fully complied with all prerequisites to jurisdiction in this Court.

**Second Charge of Discrimination regarding additional claims of retaliation and retaliatory termination filed with EEOC (EEOC No. 440-2020-01585):**

10.     Because Plaintiff was terminated by Defendant City of Chicago on November 22, 2019, and after requests for right to sue on the first charge of discrimination had been sent to the EEOC and were pending, on December 10, 2019, Plaintiff timely filed a second Charge of Discrimination asserting additional claims of retaliation and retaliatory termination with the EEOC (EEOC Charge No. 440-2020-01585). <u>Second Charge of Discrimination</u>, filed 12/10/19, attached hereto as Exhibit H. <u>See also</u> <u>Complaint</u>, Dkt. No. 1, ¶ 37 (noting that the second charge of discrimination had been filed and the request for right to sue was pending).

11.    On January 17, 2020, Plaintiff received notice of right to institute civil action under Title VII by the DOJ (regarding EEOC Charge No. 440-2020-01585) within 90 days from receipt of the notice. See DOJ Notice of Right to Sue, dated 1/17/20, attached hereto as Exhibit I.

12.    Ten days later, and on January 27, 2020, Plaintiff sought leave of this Court to file an Amended Complaint to include the additional claims of retaliation and retaliatory employment termination. See Plaintiff's Unopposed Motion for Leave to File Amended Complaint, Dkt. No. 6. Plaintiff's motion was granted by Court Order on January 30, 2020. See Notification of Docket Entry, Dkt. No. 13.  On the same day, Plaintiff filed his Amended Complaint. See Amended Complaint, Dkt. No. 15.

13.    Therefore, Plaintiff's Amended Complaint (including claims asserted in EEOC Charge No. 440-2020-01585) was also filed in a timely manner; and Plaintiff fully complied with all prerequisites to jurisdiction in this Court.

## LEGAL STANDARD

For purposes of a motion to dismiss, all well-pleaded factual allegations in the complaint must be accepted as true and viewed in the light most favorable to the plaintiff, and all reasonable inferences from those allegations must be drawn in favor of the plaintiff. Armstrong v. Daily, 786 F.3d 529, 533 (7th Cir. 2015); see also Volling v. Kurtz Paramedic Servs., Inc., 840 F.3d 378, 382 (7th Cir. 2016) ("In construing the complaint, we accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor.").

A complaint must contain sufficient factual matter to state a claim that is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Id. (citing Twombly, 550 U.S. at 556). Thus, plaintiff must allege enough details to "present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).

**ARGUMENT**

**I.**

**PLAINTIFF'S AMENDED COMPLAINT IS TIMELY AND SUFFICIENT TO WITHSTAND DEFENDANTS' MOTION TO DISMISS.**

**A. All of Plaintiff's Claims, Including His Race Discrimination Claims (Counts I, II, and III), Age Discrimination Claims (Counts IV and V) and his Pre-termination Retaliation Claim (Count VI) Are Timely.**

**1. As to Plaintiff's Complaint regarding the allegations contained in his First Charge of Discrimination, Defendants' Improperly Rely on the IDHR's Notice of Right to Commence an Action in Circuit Court (dated 10/1/19), instead of that issued by the EEOC and DOJ for this Federal Court (dated 11/27/19).**

Relying on the IDHR's Notice of Right to Commence an Action in Circuit Court, Defendants' argue that Plaintiff's race discrimination, age discrimination, and pre-termination retaliation claims (IDHR Charge No. 2019CA2703 and EEOC No. 21B-2019-01650) are untimely. The IDHR Notice, dated October 1, 2019, states that Plaintiff has "95 days from the date of this Notice below to commence an action in the appropriate circuit court,". See Exhibit C (emphasis added). Defendants even go as far as to quote the aforementioned section of the Notice, still neglecting to acknowledge the mention of "Circuit Court," which indicates the limited authority of Plaintiff to commence an action in circuit court, not before this Federal Court. See Defendants' Motion to Dismiss, Dkt. 24, p. 4, ¶ 1. Thus, the IDHR does not have the authority to authorize a complainant to file suit in federal court.

Therefore, because Plaintiff wished to file a federal suit, not state court suit, on or about October 7, 2019, Plaintiff promptly requested notice of right to sue from the EEOC regarding that charge (IDHR Charge No. 2019CA2703 and EEOC No. 21B-2019-01650). Plaintiff immediately received confirmation from EEOC that it had received his request and that the same has been

forwarded to the U.S. Department of Justice to be processed. See Exhibit E. On November 27, 2019, Plaintiff received Notice of Right to Sue from the EEOC to bring his ADEA claim (regarding EEOC Charge No. 21B-2019-01650) within 90 days from receipt of the Notice, or until February 25, 2020. See Exhibit F. On the same day, Plaintiff also received notice of his right to institute civil action under Title VII by the U.S. Department of Justice ("DOJ") (regarding EEOC Charge No. 21B-2019-01650) within 90 days from receipt of the Notice or until February 25, 2020. See Exhibit G.

On Sunday, January 5, 2020, well in advance of the 90 day deadline established by the DOJ and EEOC, Plaintiff filed his Complaint in this Court regarding the claims of race discrimination, age discrimination, and retaliation made in his Charge of Discrimination (IDHR Charge No. 2019CA2703 and EEOC Charge No. 21B-2019-01650). See Complaint, Dkt. No. 1.

Therefore, Plaintiff's claims, including his race discrimination claims (Counts I, II, and III), age discrimination claims (Counts IV and V), and pre-termination retaliation claims (Count VI) are timely.

**2. Even if Defendants are Correct in Relying on the IDHR's Notice of Right to Commence an Action in Circuit Court (dated 10/1/19), which they are not, Plaintiff's Claims are Still Timely.**

Even assuming the IDHR Notice is the appropriate Notice to determine the deadline by which Plaintiff's complaint should be filed, which it is not, Plaintiff's claims are still timely. Defendants agree that the IDHR Notice gives Plaintiff 95 days from the date of the Notice (10/1/19) in which to file suit, and that the 95th day is on January 4, 2020. See Defendants' Motion to Dismiss, Dkt. No. 24, p. 4, ¶¶ 1-2. Defendants further argue that because Plaintiff's Complaint was filed on January 5, 2020, the claims therein are untimely. This is not true.

Defendants conveniently fail to mention that January 4, 2020, the 95th day, falls on a Saturday. See Exhibit D. Therefore, the time period Plaintiff has to file suit continues to run until the end of the next day which is not a Saturday, Sunday, or legal holiday, which is Monday, January 6, 2020. Relevant civil procedure rules, as well as the procedural rules that govern the Illinois Human Rights Act and the EEOC, all have the same process for computation of time: that for the purpose of computing any period of time, if the last day of any such period of time shall fall on a Saturday, Sunday or legal holiday, such time period shall continue to run until the end of the next day which is not a Saturday, Sunday or legal holiday. See Federal Rules of Civil Procedure Rule 6(a)(1)(C); Illinois Human Rights Commission Procedural Rules, Section 5300.20; and Code of Federal Regulation, 29 CFR § 1614.604, copies of which are all attached hereto and combined as Exhibit J. Plaintiff timely filed his Complaint on Sunday, January 5, 2020. See Complaint, Dkt. No. 1.

Therefore, even if Defendants were correct in using the IDHR Notice of Right to Commence an Action in Circuit Court, in this federal matter, which they were not, Plaintiff's claims including his race discrimination claims (Counts I, II, and III), age discrimination claims (Counts IV and V), and pre-termination retaliation claims (Count VI) are timely, as the deadline to file was Monday, January 6, 2020, and Plaintiff's Complaint was filed the day before, on Sunday, January 5, 2020.

**B. Individual Liability Under Title VII, the ADEA, and the IWA.**

**1. Title VII and ADEA Discrimination Claims Against Individual Defendants:**

Defendants allege there is no individual liability under Title VII and the ADEA. Plaintiff does not object and seeks to withdraw Counts I and IV as to individual Defendants Rhee and

Velasquez only; and Count VII as to individual Defendants Rhee, Velasquez, and Mahal only. Thus, Plaintiff still asserts claims against Defendant City of Chicago in those Counts.

### 2. IWA Retaliation Claim (Count VI):

Defendants argue that Plaintiff fails to state a claim against the individual Defendants in the IWA Retaliation Claim (Count VI), claiming that the IWA does not create individual liability for an employer's agents. However, in <u>Bello v. Village of Skokie</u>, the court held that agents and other employees of a whistleblower's employer could be individually liable under the IWA, despite the fact that they are not themselves the whistleblower's employers. <u>Bello</u>, No. 14 C 1718, 2014 WL 4344391, at *8-9 (N.D.Ill. Sept. 2, 2014) and 2015 WL 9582986, at *12 (N.D.Ill. Dec. 31, 2015)

Nevertheless, Defendants rely heavily on the <u>Parker</u> case, wherein the Court reached the opposite conclusion. <u>See</u> <u>Parker v. Illinois Human Rights Commission</u>, No. 12 C 8275, 2013 WL 5799125, at *9 (N.D.Ill. Oct. 25, 2013). The Parker court, however, cautioned that similar opinions did not address the amended statute that more broadly defines "employer." *Id*. (citing <u>Martorana v. Village of Elmwood Park</u>, No. 12 C 6051, 2013 WL 1686869, at *4 (N.D.Ill. Apr. 18, 2013); <u>Banks v. Chi. Bd. of Educ.</u>, No. 11 C 7101, 2013 WL 9511111, at *12 (N.D.Ill. Mar. 12, 2013)). Thus, the definition of "employer" under the IWA was amended to include "any person acting within the scope of his or her authority express or implied on behalf of [previously described] entities in dealing with its employees." Illinois Whistleblower Act ("IWA"), 740 ILCS 174/5. Therefore, Plaintiff states a claim against the individual Defendants in the IWA Retaliation Claim (Count VI).

**C. Plaintiff Adequately Asserts an IWA Claim (Count VI) Against Mahal.**

Defendants claim that Plaintiff fails to state an IWA claim against Defendant Mahal, as the alleged actions against Plaintiff by Defendant Mahal were not "materially adverse," and that Plaintiff cannot prove that Defendant Mahal had knowledge of Plaintiff's protected conduct. This is not true.

Plaintiff asserts numerous adverse actions by Defendant Mahal that are materially adverse and more disruptive than a mere inconvenience, including making false allegations of threats in a police report to the Chicago Police Department, which led to Plaintiff's termination. See Amended Complaint, Dkt. No. 15, ¶¶ 114-118 (outline of adverse actions taken by Defendant Mahal). Further, it is evident Defendant Mahal had knowledge of Plaintiff's complaints against her as in addition to reporting to the IG, Plaintiff reported Defendant Mahal's time and attendance violations to the Department of Aviation Deputy Commissioner of Human Resources, Phyllinis Easter; reported to the Department of Aviation Labor Relations Manager, Anita Morris; and to Defendant Velasquez. See Amended Complaint, Dkt. No. 15, ¶ 110. General Counsel Elizabeth Granados-Perez was also aware of the complaints. Id. at ¶ 113. These individuals have an obligation pursuant to the Defendant City of Chicago's policy to investigate the complaints, which would include questioning Defendant Mahal. Further, Defendant Mahal has made comments regarding Plaintiff monitoring her badge swipes.

Therefore, it is clear that Defendant Mahal knew of the complaints Plaintiff made against her and Plaintiff adequately outlines adverse actions taken by Defendant Mahal in retaliation for the same. Thus, Plaintiff adequately asserts an IWA claim (Count VI) against Defendant Mahal.

**D. Plaintiff's Claims Against Defendant Rhee <u>Are</u> <u>Not</u> Redundant and Should Stand, except as to the Count II § 1981 Claim.**

Plaintiff named Jamie Rhee, Commissioner of the City of Chicago Department of Aviation, as a Defendant to the Complaint in her official capacity. Defendants' Motion to Dismiss erroneously alleges the claims against Defendant Rhee in her official capacity is just another way to sue the government, and therefore redundant.

However, Plaintiff included Defendant Rhee as a Defendant because as Commissioner of the City of Chicago Department of Aviation, she either knew or should have known of the actions by the City Defendants and failed to act. Further, Plaintiff himself reported improper actions of Defendant Mahal to the Department of Aviation as well as the City of Chicago Office of Inspector General. Defendant Rhee, as Commissioner of the Department of Aviation, has an obligation to be aware of such conduct and appropriately address the same (especially when that conduct had been reported to the appropriate Department of Aviation officials and the Office of Inspector General). As a result, it would be unreasonable to reduce claims against Defendant Rhee to merely duplicates of those against Defendant City of Chicago. Therefore, Defendant Rhee should remain a named defendant, except as to Count II. Thus, Plaintiff seeks to withdraw Defendant Rhee as a Defendant to Count II only. As to the remaining Counts, she shall remain a Defendant.

**E. Plaintiff Adequately Makes a Claim Under Section 1981 (Count II).**

Defendants first argue that Plaintiff is not entitled to Section 1981 relief, alleging that Section 1983 remains the exclusive remedy for Section 1981 violations committed by state actors. Defendants are correct in alleging that Section 1983 remains the exclusive remedy for Section 1981 violations committed by state actors. Further, Defendants argue that even assuming Plaintiff's Section 1981 claim is being brought through Section 1983, Plaintiff fails to satisfy 1983 requirements for bringing suit against a state actor.

However, Defendants fail to mention that many district court's in this circuit have held that it is not necessary for a Plaintiff to cite Section 1983 to avoid dismissal of a Section 1981 claim; that "a claim pleaded as a § 1981 claim will ordinarily be construed as arising under § 1983." Edmond v. City of Chicago, 2018 WL 5994929 (N.D. Ill. Nov. 15, 2018) (Gottschall, J.) (citing, e.g., Aku v. Chicago Bd. of Educ., 290 F. Supp. 3d 852, 862 (N.D. Ill. 2018)). The Edmond court reasoned, "[a]fter all, plaintiffs do not need to plead legal theories, such as section numbers, and little usually can be gained by 'requiring [a plaintiff] to replead [a § 1981 claim] to specifically mention Section 1983.'" (quoting, Barrett v. Ill. Cmty. Coll. Dist. No. 515, 2015 WL 4381218, at *3 (N.D. Ill. July 16, 2015) (citing Shah v. Inter-Cont'l Hotel Chicago Operating Corp., 314 F.3d 278, 282 (7th Cir. 2002)) (denying motion to dismiss § 1981 count and construing it as arising under §§ 1981 and 1983).

As to Section 1983 requirements, Plaintiff has clearly made discrimination claims which arise under rights afforded to him by the Constitution. However, assuming Plaintiff has not adequately outlined those allegations, Plaintiff can certainly clarify the allegations which show Plaintiff suffered a constitutional injury. Thus, if the Court deems appropriate, Plaintiff will file a second amended complaint to address these issues, as formally requested below.

**F.  Plaintiff is Entitled to Section 1981 Relief (Count II).**

Defendants argue that Plaintiff is not entitled to Section 1981 relief because he has not alleged that he was employed pursuant to a contract. Such an allegation is not necessary, as Section 1981 applies to at-will employment relationships as well. The Seventh Circuit is clear on this issue: "Section 1981 applies to at-will employment relationships because such relationships are sufficiently contractual." Walker v. Abbott Labs., 340 F.3d 471, 475-77 (7th Cir. 2003) (reasoning that at-will employment relationships come within the scope of Section 1981; that an at-will

employment relationship is contractual because an employer offers, either implicitly or explicitly, to pay the employee for the performance of specified work, and the employee accepts that offer by either promising to or actually performing the work).

Therefore, whether Plaintiff alleges he was employed pursuant to a contract or not, Plaintiff's relationship with Defendants comes within the scope of Section 1981. As such, Plaintiff is entitled to Section 1981 relief.

### G. Defendants Are <u>Not</u> Immune From Liability Under the IWA (Count VI).

Defendants are not immune from liability under the IWA. Defendants attempt to argue that pursuant to Sections 2-109 and 2-201 of the Tort Immunity Act, Defendants are immune from liability. This is not true. Defendants admit that the alleged act or omission of the employer must be a "determination of policy" or the "exercise of discretion." Defendants, in support of their argument that they are immune from liability under Section 2-109, continue by citing the Thompson v. Board of Education case, where plaintiff alleged the board and administrators retaliated against him by refusing to approve time sheets they believed were inaccurate, assigning him to teach history after his physical education position was eliminated, and suspending him without pay. The court held that such acts were discretionary and therefore defendant was immune from liability under Section 2-109.

Similarly, citing the Consolino v. Dart case, Defendants attempt to seek shelter under Section 2-201, alleging that their actions were the result of "policy decisions." In Consolino, plaintiffs allege they were fired in retaliation for starting a union drive and reporting conditions in the jail, when defendants chose to lay off a rank of individuals. The court determined the layoffs were discretionary. Defendants, however, cannot make that connection as to the allegations made by Plaintiff.

12

The allegations in <u>Thompson</u> and <u>Consolino</u> are clearly distinguishable from those in the case at hand. Plaintiff does not complain of mere "discretionary acts" of Defendants. The allegations of Plaintiff go beyond discretionary acts, such as filing false complaints with a government agency, the Chicago Police Department, which led to Plaintiff's termination. Therefore, Sections 2-109 and 2-201 are not applicable and Defendants are therefore not immune from liability under Plaintiff's IWA claim.

**H. Plaintiff Adequately Asserts Title VII Retaliation Claim (Count VII).**

Although Defendants admit that Plaintiff's termination rises to the level of adverse action in the context of retaliation claims, Defendants claim that Plaintiff's remaining allegations do not trigger Title VII protection. This is not true.

Plaintiff asserts numerous adverse actions by Defendants that are materially adverse and more disruptive than a mere inconvenience, including making false allegations of threats in a police report to the Chicago Police Department, which led to Plaintiff's termination. <u>See</u> <u>Amended Complaint</u>, Dkt. No. 15, ¶¶ 131-135 (outline of adverse actions taken by Defendants).

Therefore, Plaintiff outlines adverse actions taken by Defendants in retaliation for the same. Thus, Plaintiff adequately asserts a Title VII claim (Count VII) against Defendants. However, assuming Plaintiff has not adequately outlined those allegations, Plaintiff can do so and more clearly show adverse actions by Defendants. If necessary, and the Court deems appropriate, Plaintiff will file a second amended complaint to address these issues, as formally requested below.

## II.

## IN THE ALTERNATIVE, PLAINTIFF RESPECTFULLY SEEKS
## LEAVE OF COURT TO AMEND HIS COMPLAINT.

As noted above, Plaintiff's complaint is sufficient to withstand Defendants' motion to dismiss. However, assuming the Court finds it, or portions thereof is not, Plaintiff respectfully requests leave of court to amend the complaint as outlined above, specifically as to Plaintiff's § 1981 and Title VII retaliation claims. Leave to amend a complaint should be granted freely when justice so requires. See Fed. R. Civ. P. 15(a)(2); see also Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519 (7th Cir. 2015) (Plaintiff given an opportunity to amend the complaint after being dismissed under Fed. R. Civ. P. 12(b)(6)). Therefore, in the alternative, if necessary, Plaintiff respectfully requests leave of Court to amend his Complaint as noted above.

## III.

## CONCLUSION

WHEREFORE, Plaintiff, L. Byron Patton III, respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety. However, in the event the Court does not, and in the alternative, Plaintiff respectfully requests leave of Court to amend his Complaint as necessary.

Dated:  June 22, 2020

/s  Antonio  L. Jeffrey_____
*Attorney for Plaintiff*

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (ARDC #6308345)
22 W. Washington St., #1500
Chicago, Illinois 60602
(312) 583-7072; (312) 583-0888 (fax)
service@jeffreylawoffice.com